# F. P. KIRKENDALL & COMPANY *v.* MAYER BOOT & SHOE COMPANY.

### TRADEMARKS; SIMILARITY.

The registration as a trademark of the words "Dri-Shod" as applied to boots and shoes, is properly canceled, on petition of the prior user of the words "Dry-Socks" as applied to the same goods, the words being so similar as to be apt to cause confusion in trade.

No. 1124.   Patent Appeals.   Submitted November 16, 1917.   Decided January 7, 1918.

HEARING on an appeal from a decision of the Commissioner of Patents canceling a registered trademark.        *Affirmed.*

The facts are stated in the opinion.

*Mr. William Small* for the appellant.

*Mr. Arthur L. Morsell* for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

The Patent Office, upon the petition of appellee, canceled the word "Dri-Shod," which it previously had registered for appellant as a trademark for boots and shoes, and this appeal followed.

From the petition for cancelation the following facts appear: Appellee is a corporation, with its principal place of business in Milwaukee, Wisconsin. Since about 1898 it has sold shoes under the trademark "Dry-Socks." This mark appellee applied to have registered, but the application was refused on the ground that it is descriptive. It is alleged that appellant's mark so nearly resembles that of appellee as to cause confusion in the public mind, to appellee's injury. To this petition appellant filed a general denial. Testimony was taken by appellee establishing the averments of its petition and that it had extensively advertised the "Dry-Socks" shoe in the West through the medium of newspapers, magazines, and trade journals.

Appellant also is a corporation, with its principal place of business at Omaha, Nebraska, and the earliest date claimed for the adoption of "Dri-Shod" is 1915.

We agree with the Patent Office that these marks are altogether too much alike to entitle appellant to registration. They not only sound alike, but obviously are intended, when applied to shoes, to convey the same idea. It is the old story of an attempt by a rival firm to reap where it has not sown, and certainly such attempts ought not to be sanctioned by the Patent Office.

The decision was right, and is affirmed.          *Affirmed.*